## Zolack v. Bulah Shaft Coal Company.

*Peter P. Jurchak,* for claimant; *D. Edward Chaplin,* contra.

CHASE, P. J., May 23, 1929.—This is an appeal by, and on behalf of, the claimant, the appellant, from the decision and order of the Workmen's Compensation Board rendered Dec. 31, 1928, in which decision the claimant's petition for reinstatement was dismissed.

The facts pertaining to the determination of this issue are as follows: The claimant having been injured, agreement for payment of compensation was approved on Feb. 19, 1927. On May 24, 1927, a petition for termination of compensation was filed by the defendant. On June 20, 1927, the referee made an order modifying the agreement of Feb. 19, 1927. On Jan. 7, 1928, a petition for a review was filed by the claimant. On Feb. 28, 1928, an order of the referee was made dismissing the petition for review. On May 4, 1928, the Compensation Board, in an opinion filed by Morrison, Commissioner, affirmed the disallowance. On Sept. 7, 1928, the claimant filed a petition for reinstatement. On Oct. 4, 1928, the referee dismissed the petition for reinstatement. On Dec. 31, 1928, the board affirmed the referee in the dismissal of said petition, from which order of the board this appeal is taken.

In dismissing this petition, the board bases their conclusion entirely upon section 413, article IV of the Workmen's Compensation Act of June 2, 1915,

P. L. 736, as amended April 13, 1927, the board holding that, due to the provision of the Act of 1927, the petition having been filed more than a year after the last payment of compensation and more than one year after the approval of amendments to section 413, the petition must be dismissed.

In considering this appeal, that is the only issue raised. There is possibly some irregularity in the failure of the claimant to appeal from the dismissal or the findings in the petition to review filed by the claimant. However, neither the claimant nor the defendant in this case has raised that question on this appeal, the sole question being whether or not the act, as amended in 1927, applies under the facts of this issue, and, as above stated, the board, in sustaining the referee in its opinion, bases the dismissal of the petition upon the sole proposition that the Act of 1927, in so far as presentation of petitions for reinstatement, etc., applies to this case.

As the court views this question, it does not become important to determine whether it was the intention under this act that the same should be retroactive or not. It is a principle of law, requiring no citations, that an act of assembly cannot become retroactive if it affects a contractual relation, and if it was attempted to make even a purely procedural act retroactive which would affect a contractual relation in existence, the same would not be constitutional.

However, in this case the court cannot agree with the conclusion reached by the learned Compensation Board that the Act of 1927 applies to injuries occurring prior to the passage of the legislation under discussion. The appellate courts have frequently said that the relation between an employer and an employee under the Workmen's Compensation Act is a contractual relation, and while the Act of 1927 is procedural, nevertheless it so affects the vested rights of the injured in this case that the particular procedure cannot apply to injuries occurring prior to the passage of the act. The contractual relation as between the employer and employee, as the court understands it, under the Compensation Act, is governed entirely in its interpretation by statutes, and the rights under the statutes accrue and are determined at the time of an injury which the employer becomes liable for under the Workmen's Compensation Law. Due to the very nature of the subject which the legislation attempts to regulate and govern, it is frequently impossible to determine the extent of the liability of an employer under his contract to an injured employee at the time of the injury, and all the legislation can do is to create the machinery which states that the liability shall be not exceeding a certain amount and the extent of the liability must be determined by the facts as to the extent of the injury demonstrated at various periods of time, which, in the instant case, under the law as existing at the time of the injury, was over a period of 500 weeks. That is, the law provided at the time of the injury that the claimant could come before the Compensation Board any time within 500 weeks and have his case reopened, and the act provided for compensation under facts which demonstrated a permanent disability at any time within the period for which compensation was payable for a permanent injury for which the injured would be entitled to compensation.

Therefore, the contract between the employer and employee in this case on the date of the injury was that in case of permanent injury the claimant was entitled to compensation for a period of 500 weeks; that in case there was an injury which the facts did not demonstrate or did not disclose was permanent in its nature, so soon as the conditions warranted it, compensation should cease and be reduced to comply with the extent of injury as found by the facts. And, further, that if, subsequently to a modification or ceasing of the

disability under the injury, it appeared that the injury developed a disability, partial in its nature or permanent, within 500 weeks from the date of the injury, the claimant was entitled to compensation.

At the time of the injury complained of, that was the contractual relation between the employer and the employee, and the parties to the contract had a right to rely that their interest was determined at that time by the law as it then was written and that was the completed contract and their rights became a property right vested in each of the parties to the agreement.

If the Act of 1927 were to be given application to injuries, as in this case, occurring prior to its passage, it would have this effect, that although at the time of the injury the employer was bound under the law to pay to the claimant compensation at a stipulated amount weekly as found by the facts, and under the contract, if the disability apparently had ceased as a result of the injury, the employer had a right to have an order made relieving him from compensation, which right was subject, however, to the vested right of the claimant, if there was a reoccurrence from the injury suffered at any time within the 500 weeks, to claim compensation from the time of the reoccurrence if the reoccurrence was within the 500 weeks [such rights would be barred by the limitation in the act].

If this Act of 1927 had application herein under these facts, we would have the situation of changing the contract which was in effect at the time of the injury complained of, of striking down the rights, as demonstrated by this case which we are dealing with, of receiving any compensation for a reoccurrence after two years or 102 weeks. The defendant was injured on Jan. 20, 1927. This order, from which the appeal for reinstatement which was dismissed, was made by the referee on Oct. 4, 1928, less than two years after the injury occurred, which would have the effect, as I understand it, of entirely disbarring the claimant from further claims or presenting facts in showing that he was entitled to further compensation, in the teeth of the contractual right, which became absolute at the time of the injury, to recover for any disability as a result of the injury herein complained of for almost a period of three years after the dismissal of this application.

It must be admitted, in answer to the question whether or not, prior to the Act of 1927, if this petition under consideration was presented, the Compensation Board would determine whether or not there was an existing disability for which compensation should be allowed, and if the facts justified a conclusion that there was a disability, compensation under the law would have been paid. If that was the law governing the rights of the parties at the time of the injury when those rights as between the employer and employee became vested and absolute, does not this act, if it was construed to apply to the facts herein in issue, take away rights of the claimant established as a result of the contract created by the contracting parties and the law itself?

Under the facts in this case and the law as viewed by this court, we are constrained to reach the conclusion that the Act of 1927, in so far as injuries are concerned occurring prior thereto, has no application and an attempt to apply the act to such conditions would be unconstitutional as attempting and affecting the rights of an existing contract.

Now, May 23, 1929, the judgment of dismissal of reinstatement of petition by the board is hereby reversed and the board is directed to proceed in accordance with the findings of the court. The costs to follow the judgment of this court. Exceptions noted and bill sealed to the appellee.

From John M. Urey, Clearfield, Pa.